IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00976-WDM-MJW

FREDERICK ROBINSON,

Applicant,

v.

JOSEPH ORTIZ, et al.,

Respondents.

---

**RECOMMENDATIONS ON
(1) APPLICANT'S REQUEST TO FILE AN AMENDED 2254 APPLICATION
(Docket No. 25); and
(2) RESPONDENTS' MOTION TO STRIKE APPLICANT'S SUPPLEMENTAL
PLEADING IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS
(Docket No. 29)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


This case is before this court pursuant to a Order of Reference to Magistrate

Judge issued by District Judge Walker D. Miller.  (Docket No. 11).

The pro se incarcerated petitioner, Frederick Robinson, filed an Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on May 31, 2005.  (Docket No. 2).

It was purportedly signed on May 10, 2005.[1]  In his Application, the petitioner

challenges a judgment of conviction entered on November 2, 1994, in the District Court

---

[1]Under the prison mailbox rule, a prisoner's habeas petition which is placed in
the prison mail system on a certain date is deemed filed in the federal district court on
that same date.  Hoggro v. Boone, 150 F.3d 1223, 1226 n.3  (10th Cir. 1998).

of Arapahoe County upon a jury verdict finding him guilty of first degree sexual assault,

first degree burglary, and menacing.  Petitioner was sentenced to consecutive terms of

32 years, 32 years, and six years, respectively, in the Department of Corrections.  On

February 6, 1997, in an unpublished opinion, the Colorado Court of Appeals affirmed

the conviction but agreed that the mittimus had to be corrected.  (Pet.'s App. A; Resps.'

Ex. A).  The Colorado Supreme Court denied the petitioner's Petition for Writ of

Certiorari on September 5, 1997.  The Court of Appeals issued its mandate on

November 10, 1997.  Petitioner filed several post-conviction motions which are

summarized in Respondents' Answer.  (Docket No. 9-1 at 4-7).

Petitioner raises the following three claims for habeas corpus relief (1)

ineffective assistance of trial counsel "by virtue of his lawyer's unreasonable and

prejudicial failure to investigate and prepare for trial, adequately cross-examine the

prosecution's witnesses or retain a [sic] expert witness to corroborate the defense

theory and impeach the prosecution's witnesses, and object to the trial court's

imposition of a [sic] illegal sentence" (Docket No. 2 at 5); (2) ineffective assistance of

post-conviction counsel "on his motion to correct a [sic] illegal sentence by virtue of his

lawyer's unreasonable and prejudicial failure to pursue his claims that trial counsel was

ineffective, or his illegal sentence claim as developed by his court-appointed appellate

lawyer and supplemented by the petitioner" (Docket No. 2 at 6); and (3) ineffective

assistance of post-conviction appellate counsel "on appeal of his motion to correct

illegal sentence by virtue of his lawyers [sic] unreasonable and prejudicial failure to

pursue his claims that trial, postconviction, and postconviction appellate counsel was

ineffective, or his illegal sentence claim as developed by court-appointed appellate counsel and supplemented by the petitioner" (Docket No. 2 at 6).

The respondents timely filed an Answer to Order to Show Cause (Docket No. 9) in which they assert the following defenses: (1) this petition is barred under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"); (2) petitioner's first claim is procedurally defaulted; and (3) petitioner's other claims are not cognizable on federal habeas corpus review.  Petitioner filed a Traverse.  (Docket No. 15).

On September 7, 2006, petitioner filed a Request to File an Amended 2254 Application (Docket No. 25) and a Supplemental Pleading in Support of Application for Writ of Habeas Corpus (Docket No ).  In his motion/request (Docket No. 25), petitioner seeks to amend his original Application to include two claims, namely (1) a <u>Batson</u> claim that during voir dire the prosecutor used eight peremptory challenges, two of which were to remove black prospective jurors, and defense counsel also claims the prosecution used another peremptory challenge to remove a third member of a racial minority, and (2) petitioner's constitutional rights were violated by the State's comments during rebuttal closing argument because it shifted the burden of proof on the petitioner.  Both of these claims were raised by the petitioner in his direct appeal.

Respondents filed a Response to this motion (Docket No. 28), and petitioner filed a Reply (Docket No. 28).  In addition, respondents filed a Motion to Strike Applicant's Supplemental Pleading in Support of Application for Writ of Habeas Corpus (Docket No. 29), to which petitioner filed a Response (Docket No. 32).

On August 8, 2007, this court issued a Minute Order directing the respondents to

file a brief responding to the petitioner's allegation in his Traverse (Docket No. 15 at 5) and his Reply to Respondents' Response to Applicant's Motion to File an Amended 2254 Application (Docket No. 31 at 1) that the statute of limitations has not run in this case because his 35(b) motion, filed on March 3, 1998, is still pending in the state trial court.  (Docket No. 37).  Respondents timely filed such brief on August 21, 2007. (Docket No. 38).

The court now being fully informed makes the following findings, conclusions, and recommendations.

Respondents contend that the petitioner's request to amend his petition should be denied because the AEDPA's one-year limitation period for habeas petitions, 28 U.S.C. § 2244(d), prohibits the addition of new claims at this point in the proceedings, noting that the claims in the original application are allegedly already barred by the statute of limitations.  "In 1996, Congress amended the long-standing prior practice in habeas corpus litigation that gave a prisoner virtually unlimited amounts of time to file a federal habeas petition in federal court."  Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998).  As enacted by the AEDPA, a one-year statute of limitations for filing a habeas petition is now set forth in 28 U.S.C. § 2244(d)(1).  That section provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d)(1)(A).  Not applicable toward the one-year limitations period is

"[t]he time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.

§ 2244(d)(2).

In this case, respondents relate the sequence of events with respect to the

calculation of the running of the one-year limitations period as follows:

> the Colorado Supreme Court denied certiorari in Robinson's direct
> appeal on September 2, 1997.  The judgment became final on December
> 1, 1997, ninety days later, when the time expired in which to seek
> certiorari from the United States Supreme Court.  See Locke v. Saffle,
> 237 F.3d 1269, 1273 (10th Cir. 2001); Rhine v. Boone, 182 F.3d 1153,
> 1155 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000).  Ordinarily, the
> statute of limitations would then began [sic] to run.
>
> However, Robinson had already filed his first postconviction motion
> on November 18, 1997, tolling the statute until forty-four days after August
> 31, 2000, or Monday, October 16, 2000, when his time to seek certiorari
> from the court of appeals' decision expired.  See Colo. App. R. 52(b)(3).
> Robinson filed his second postconviction motion on December 12, 2000,
> fifty-seven days later.  That proceeding lasted until forty-four days after
> March 21, 2002, or May 6, 2002.  Robinson filed his third postconviction
> motion 298 days later, on February 28, 2003.  The Colorado Supreme
> Court denied certiorari review on April 18, 2005, concluding the appeal in
> that case.  See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000);
> Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 19999).  Robinson
> dated the petition he filed in this Court May 10, 2005, twenty-two days
> later.  Thus, in total, 377 days elapsed between the date Robinson's
> conviction became final and the date of his petition that were not tolled by
> the statute of limitations.  Since this is more than the one-year limitation
> period, his petition is barred by the statute of limitations.

(Docket No. 9-1 at 8-9) (footnotes omitted).

In response, in his Traverse and in his motion to file and amended application,

petitioner claims that on March 3, 1998, he filed a Rule 35(b) motion for reconsideration

6

of sentence.  Moreover, he claims that that motion is still pending in the state trial court,

and, therefore, the one-year period of limitations has not been triggered in this case.

In a court-ordered supplemental brief (Docket No. 38), respondents address

petitioner's argument.  They assert:

> Respondents have investigated Robinson's claim and determined the
> following.  It does appear that Robinson filed a Colo. R. Crim. P. 35(b)
> motion in the state trial court on or about March 3, 1998.  See Exhibit, p.
> 14.  It further appears that this motion was adjourned several times at
> Robinson's request until March 19, 1999, when the docket refers only to a
> pending motion under Colo. R. Crim. P. 35(c).  Id. at pp. 15-16.  No ruling
> on Robinson's Rule 35(b) motion appears on the docket sheet.  Nor does
> any further attempt by Robinson to seek a ruling on this motion appear on
> the docket sheet.

(Docket No. 38 at 2, ¶ 5) (footnote omitted).

Respondents admit, however, that given the existence of the previously-

unknown 35(b) motion, the issue of whether the Application was timely filed is more

complex.  They do not agree with petitioner's suggestion that because his 35(b) motion

has been pending since March 3, 1998, he is entitled to tolling under 28 U.S.C. §

2244(d)(2) from that date forward into perpetuity.  Instead, respondents assert that

under Colorado state law, a post-conviction motion is considered abandoned when its

proponent fails to affirmatively seek a ruling on that motion.  (Docket No. 38 at 3, ¶ 8)

(citing People v. Fuqua, 764 P.2d 56, 61 (Colo. 1988); see Feldstein v. People, 410

P.2d 188, 191 (Colo. 1966) ("[I]t is incumbent on the moving party to see to it that the

court rules on the matter he urges."), overruled on other grounds by Deeds v. People,

747 P.2d 1266 (Colo. 1987); see also People v. Ridenour, 878 P.2d 23, 28 (Colo. App.

1994) (defendant's failure to seek ruling on motion to continue resulted in

abandonment of motion, and defendant waived right on appeal to challenge lack of

continuance)).

Respondents then state the following with regard to the tolling of the limitations:

> In this case, Robinson appears to have abandoned his motion for
> sentence reduction under Colo. R. Crim. P. 35(b) after March 19, 1999,
> about one year after he filed it.  Therefore, his motion was only "pending"
> from March 3, 1998, until March 19, 1999, and it only tolled the federal
> statute of limitations for habeas applications during that period.  Such
> tolling does not reduce the total number of days that elapsed between
> Robinson's conviction and the filing of his federal habeas application
> because he also had pending during that time a postconviction motion
> under Colo. R. Crim. P. 35(c).  See Answer, p. 7 (revealing that
> Robinson's first Rule 35(c) motion was pending from November 18, 1997,
> until October 16, 2000).  Accordingly, despite the existence of Robinson's
> Rule 35(b) motion, his federal habeas corpus application is still untimely.

(Docket No. 38 at 4-5, ¶ 9).

Respondents, however, nevertheless urge the court "to avoid deciding this

factually complex issue by ruling that, regardless of whether his application is barred by

the statute of limitations, Robinson's claims are not properly before this Court because:

1) his first claim, ineffective assistance of trial counsel is procedurally barred . . . ; and

2) his other claims, involving the effectiveness of postconviction counsel, are not

cognizable under 28 U.S.C. § 2254 . . . ."  (Docket No. 38 at 5, ¶ 10).

The court has very carefully reviewed the state court's registry of actions.  It

shows that a Rule 35(a) motion to correct illegal sentences was filed on November 19,

1997, and as noted by the petitioner, a motion for sentence reconsideration pursuant to

Rule 35(b) was filed on March 3, 1998.  Hearings on these motions were thereafter

8

repeatedly set and continued.[2]  Finally, a Rule 35 hearing was held on February 5,

2001.  The entry for that hearing states:

> Rule 35 Hearing
> . . .
> Deft Argument Re: "crime of Violence" Charge - States Charge Should
> Not be Applied to Sentence Because of Wording in Verdict Form And
> That Sex Assault Charge Should Also Not be Applied For Same Reason
> Dda Responds
> Defendant Addresses Court
> Court Find Use of Term is Not Necessary When Definition is Co Complete
> And Only Term That Needed to be Defined is "deadly Weapon", Which
> Was Given in Jury Instruction #21; Court Finds no Error
> Court Denies Deft Motion
> Deft Remanded. . .

(Docket No. 38-2 at 18-19).  Shortly thereafter, there is another entry that the motion to

correct an illegal sentence filed on December 12, 2000, was denied because the court

---

[2] On April 10, 1998, a Minute Order was issued, setting a hearing at 1:30 p.m. on May 26, 1998, on the motion to correct illegal sentence.  A Minute Order on May 26, 1998, however, indicates that counsel agreed to continue the 35(b) hearing, which was reset to September 18, 1998, at 1:30 p.m.  On September 18, 1998, petitioner was present (in custody) with counsel, and his motion to dismiss count one or set aside the verdict was heard and denied.  The court found that count one should be a Class 3 felony rather than F-2 as listed on the mittimus.  The court, however, denied the petitioner's 35(a) motion (illegal sentence).  Petitioner requested that his 35(b) motion be set over to a later date, and the 35(b) motion was thus set for hearing on January 8, 1999, at 1:30 p.m.  On October 19, 1998, petitioner filed a pro se motion to rehear and supplement the 35(a) motion and to dismiss the crime of violence.  On December 9, 1998, petitioner filed a pro se motion for status of the 35(c) motion.  On January 8, 1998, the court had a hearing on the 35(b) motion.  The hearing, however, was continued to March 19, 1999, at 1:30 p.m. because counsel requested time to review the pro se motions.  However, on March 19, 1999, the notation is "Motion for Rule 35C. Motion is Reset to 3/24/99 at 8:15 Am.  Court is Unable to Hear Motion Set This Date. . . . "  On March 26, 1999, alternative defense counsel was appointed, and the hearing on post-trial motions was set for May 27, 1999, at 1:30 p.m., at which point the issues were stayed because defense counsel in the Court of Appeals case filed a motion to withdraw and for limited remand.  On December 4, 2000, defendant was not written in for a Rule 35 hearing, and the matter was set for February 5, 2001, at 1:30 p.m.

9

determined that the defendant was not entitled to relief.  (Docket No. 38-2 at 19).  It thus appears that more time was tolled than calculated by the respondents.

Nevertheless, even though the petitioner's claims in his original Application may very well not be time-barred, this court finds that the two claims petitioner seeks to add are time-barred.  A review of the registry shows that in the six-plus years since the February 2001 hearing was held and the ruling was made, the petitioner has not filed any type of motion or petition seeking a ruling on or status of his 35(b) motion.  As correctly noted by the respondents, the Supreme Court of Colorado has stated that

> [i]t is the responsibility of the court to rule on the motion within a reasonable time after its filing. . . . "When the sentencing court fails to act on a timely filed motion for reduction of sentence within a reasonable time, it then becomes the defendant's obligation to make reasonable efforts to secure an expeditious ruling on the motion.  In the absence of any reasonable effort by the defendant to obtain an expeditious ruling, the motion for reduction should be deemed abandoned.

People v. Fuqua, 764 P.2d at 61.  This court thus finds that the petitioner has as a matter of law abandoned his 35(b) motion.

Petitioner did not move to amend his Application until September 2006, which was over fifteen months after he filed his original Application in May 2005.  Therefore, the amendments are very clearly outside the one-year statute of limitations.  This is not a case where the proposed amendments relate back to the claims allegedly timely made.  Relation back is allowed "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes."  Mayle v. Felix, 545 U.S. 644, 657 (2005) (quotation marks omitted).

10

In this case, petitioner's new claims deal with purported racial discrimination during jury selection and the prosecutor's conduct during closing argument.  Such claims do not arise from the same core facts as the three claims raised in the original Application, namely, (1) ineffective assistance of trial counsel "by virtue of his lawyer's unreasonable and prejudicial failure to investigate and prepare for trial, adequately cross-examine the prosecution's witnesses or retain a [sic] expert witness to corroborate the defense theory and impeach the prosecution's witnesses, and object to the trial court's imposition of a [sic] illegal sentence" (Docket No. 2 at 5); (2) ineffective assistance of post-conviction counsel "on his motion to correct a [sic] illegal sentence by virtue of his lawyer's unreasonable and prejudicial failure to pursue his claims that trial counsel was ineffective, or his illegal sentence claim as developed by his court-appointed appellate lawyer and supplemented by the petitioner" (Docket No. 2 at 6); and (3) ineffective assistance of post-conviction appellate counsel "on appeal of his motion to correct illegal sentence by virtue of his lawyers [sic] unreasonable and prejudicial failure to pursue his claims that trial, postconviction, and postconviction appellate counsel was ineffective, or his illegal sentence claim as developed by court-appointed appellate counsel and supplemented by the petitioner" (Docket No. 2 at 6). Therefore, Applicant's Request to File an Amended 2254 Application (Docket No. 25) should be denied, and the respondents' Motion to Strike Applicant's Supplemental Pleading in Support of Application for Writ of Habeas Corpus (Docket No. 29) should be granted.

**WHEREFORE,** for the foregoing reasons, it is hereby

11

**RECOMMENDED** that the Applicant's Request to File an Amended 2254

Application (Docket No. 25) be denied.  It is further

**RECOMMENDED** that the respondents' Motion to Strike Applicant's

Supplemental Pleading in Support of Application for Writ of Habeas Corpus (Docket

No. 29) be granted.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the**

**parties have ten (10) days after service of this recommendation to serve and file**

**written, specific objections to the above recommendation with the District Judge**

**assigned to the case.  The District Judge need not consider frivolous, conclusive,**

**or general objections.  A party's failure to file and serve such written, specific**

**objections waives *de novo* review of the recommendation by the District Judge,**

**Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions.  Makin v. Colorado Dep't of**

**Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411,**

**1412-13 (10th Cir. 1996).**

Dated:      August 30, 2007          s/Michael J. Watanabe
            Denver, Colorado         Michael J. Watanabe
                                     United States Magistrate Judge