IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   05-cv-00976-WDM-MJW

FREDERICK ROBINSON,

      Applicant,

v.

JOSEPH ORTIZ, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

---

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael J. Watanabe (doc no 39) that Applicant's Request to File an Amended 2254 Application (doc no 25) be denied and Respondents' Motion to Strike Applicant's Supplemental Pleading (doc no 29) be granted. Applicant filed an objection to the recommendation and therefore is entitled to *de novo* review. 28 U.S.C. § 636(b). Respondents also filed an objection preserving for appeal their arguments concerning certain statute of limitations issues. For the reasons set forth below, I accept Magistrate Judge Watanabe's recommendation but will strike his calculations regarding the tolling of the statute of limitations on Applicant's original claims without prejudice.

Applicant, an incarcerated prisoner, file a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on May 31, 2005, asserting three claims of

ineffective assistance of counsel. On September 7, 2006, he filed a Request to File an Amended 2254 Application (doc no 25) and a Supplemental Pleading in Support of Application for Writ of Habeas Corpus (26), in which he sought to add several additional claims unrelated to the ineffective assistance issues. Respondents seek to strike these newly asserted claims on the grounds that they are untimely.

Applicant's direct appeal was terminated when the Colorado Supreme Court denied certiorari on September 2, 1997. Applicant then filed several post-conviction motions and the parties dispute the extent to which these tolled the statute of limitations on the original application as well as the proposed new claims. I have reviewed the pertinent portions of the record in this case, including the application, the pending motions and the responses, the recommendation, and Respondents' objections. I conclude that applicant's proposed new claims are unquestionably barred by the statute of limitations. I take notice that Magistrate Judge Watanabe requested additional briefing on the effect of the statute of limitations on Applicant's original application and conclude that I need not reach this issue to dispose of the two pending motions. Accordingly, I decline to reach the merits of the calculation of the statute of limitations as to the claims contained in Applicant's May 31, 2005 application.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), a one-year statute of limitations applies to the filing of a habeas petition. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled during any time periods that a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Magistrate Judge Watanabe determined that Applicant's two proposed new claims are time-barred because all of Applicant's state post-conviction motions have been

resolved or abandoned, the proposed amended claims were filed over fifteen months after his original application, and the new claims do not relate back to the original claims. I agree with this analysis and conclusion and, accordingly, will grant Respondents' motion to strike and deny Applicant's motion to amend.

Magistrate Judge Watanabe also made some determinations concerning the effect of a March 2, 1998 Rule 35(b) motion filed by Applicant on the calculation of the tolling of the statute of limitations for Applicant's original claims. Respondents object to Magistrate Judge Watanabe's determination that more time was tolled than originally calculated by Respondents. Applicant does not object to this portion of the recommendation but seeks leave to proceed on his Rule 35(b) claim. Neither of these objections demonstrates any error in Magistrate Judge Watanabe's recommendation concerning Applicant's proposed amendments. Supplemental briefing on the statute of limitations with respect to the original claims has been filed; since the tolling issue is unnecessary for the purposes of resolving the two motions at issue, I will strike this portion of Magistrate Judge Watanabe's recommendation but do not consider the issue on the merits.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Michael J. Watanabe (doc no 39) is accepted as modified.

2. Applicant's Request to File an Amended 2254 Application (doc no 25) is denied.

3.  Respondents' Motion to Strike Applicant's Supplemental Pleading (doc no 29) is granted.

DATED at Denver, Colorado, on September 18, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge