IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00976-WDM-MJW


FREDERICK ROBINSON,

Applicant,

v.

JOSEPH ORTIZ, et al.,

Respondents.

_____

**RECOMMENDATION ON
APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT
TO 28 U.S.C. § 2254 (Docket No. 2)**
_____

**MICHAEL J. WATANABE
United States Magistrate Judge**


        This case is before this court pursuant to a Order of Reference to Magistrate

Judge issued by District Judge Walker D. Miller.  (Docket No. 11).

        The pro se incarcerated petitioner, Frederick Robinson, filed an Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on May 31, 2005.  (Docket No. 2).

It was purportedly signed on May 10, 2005.[1]  In his Application, he challenges a

judgment of conviction entered on November 2, 1994, in the District Court of Arapahoe

_____

        [1]Under the prison mailbox rule, a prisoner's habeas petition which is placed in the
prison mail system on a certain date is deemed filed in the federal district court on that
same date.  Hoggro v. Boone, 150 F.3d 1223, 1226 n.3  (10th Cir. 1998).

County upon a jury verdict finding him guilty of first degree sexual assault, first degree

burglary, and menacing.  Petitioner was sentenced to consecutive terms of 32 years, 32

years, and six years, respectively, in the Department of Corrections.

On February 6, 1997, in an unpublished opinion, the Colorado Court of Appeals

("CCA") affirmed the conviction but agreed that the mittimus had to be corrected.  (Pet.'s

App. A; Resps.' Ex. A).  The Colorado Supreme Court denied the petitioner's Petition for

Writ of Certiorari on September 5, 1997.  The CCA issued its mandate on November 10,

1997.

Petitioner filed several post-conviction motions which are summarized in the

petition (Docket No. 2),[2] as well as in the Respondents' Answer (Docket No. 9-1 at 4-7).

---

[2]Petitioner provides the following information concerning his post-conviction
motions.  His court-appointed appellate counsel (Mounteer) filed a motion to correct
illegal sentence on November 17, 1997.  In May 1998, petitioner's first court-appointed
post-conviction attorney (Moses) filed an amended Rule 35(a) motion and a motion to
dismiss counts.  The trial court held a hearing in September 1998 and amended the
mittimus.  Petitioner claims that Moses failed to investigate and raise, among other
issues, his claim of ineffective assistance of trial counsel.  Petitioner then filed a pro se
petition to rehear and supplement the 35(a) motion and hearing and dismiss a charge.
One of his claims was that Moses was ineffective.  The trial court appointed counsel
(White) to represent him on the motion and prosecute the appeal of the denial of the
motion.  Petitioner requested new counsel because White, like Moses, failed to pursue
claims, including his ineffective assistance of trial counsel claim.  According to the
petitioner, the appellate court denied his motion for new counsel, stating that pro se
motions would not be entertained because he was represented by counsel.  The
appellate court affirmed the trial court's denial of Moses' and White's claims.

Petitioner further states that "[o]n December 12, 2000, the petitioner filed a pro se
'Motion To Supplement And Amend Petition To Rehear Crim. P. 35(A) Hearing to
Dismiss The Crime of Violence . . ., contending that no instruction to the crime of
violence was given to the jury, and that the jury did not, as required by section 16-11-
309, C.R.S. (1993) return a verdict or finding that the petitioner committed a crime of
violence." (Docket No. 2 at 6B).  Petitioner does not state in the petition that he raised
his ineffective assistance of trial counsel claim in this motion.  A copy of a motion he
purportedly filed in state court December 2000 entitled "Motion for Post Conviction

In the instant petition, the petitioner raises the following three claims for habeas relief:  (1) ineffective assistance of trial counsel "by virtue of his lawyer's unreasonable and prejudicial failure to investigate and prepare for trial, adequately cross-examine the prosecution's witnesses or retain a [sic] expert witness to corroborate the defense theory and impeach the prosecution's witnesses, and object to the trial court's imposition of a [sic] illegal sentence" (Docket No. 2 at 5); (2) ineffective assistance of post-conviction counsel "on his motion to correct a [sic] illegal sentence by virtue of his lawyer's unreasonable and prejudicial failure to pursue his claims that trial counsel was ineffective, or his illegal sentence claim as developed by his court-appointed appellate lawyer and supplemented by the petitioner" (Docket No. 2 at 6); and (3) ineffective assistance of post-conviction appellate counsel "on appeal of his motion to correct illegal sentence by virtue of his lawyers [sic] unreasonable and prejudicial failure to pursue his claims that trial, postconviction, and postconviction appellate counsel was ineffective, or his illegal sentence claim as developed by court-appointed appellate counsel and supplemented by the petitioner" (Docket No. 2 at 6).

---

Relief Pursuant to Crim. P. Rule 35(c) and (a)," which he submitted to this court (see Docket No. 26-3), does not raise this issue.  According to petitioner, the trial court denied that motion.  Counsel (Grimaldi) was assigned to handle the appeal, but petitioner complains that Grimaldi, like White and Moses, did not pursue petitioner's claims, including ineffective assistance of trial counsel (even though these issues were apparently not raised in the underlying motion filed by petitioner himself).

According to petitioner, on February 25, 2003, he filed another pro se motion for post-conviction relief pursuant to Rules 35(a) and (c) in which he asserted, among other claims, ineffective assistance of trial counsel.  The trial court denied the motion on August 1, 2003, finding that the issues were already litigated and ruled on, and the court declined to address them again.  That ruling was affirmed on appeal on December 16, 2004, and the Colorado Supreme Court denied certiorari.  (Docket No. 2 at 6C).

The respondents timely filed an Answer to Order to Show Cause (Docket No. 9) in which they assert the following defenses: (1) this petition is barred under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"); (2) petitioner's first claim is procedurally defaulted; and (3) petitioner's other claims are not cognizable on federal habeas corpus review.

Petitioner filed a Traverse. (Docket No. 15). Thereafter, at this court's direction (Docket No. 37), supplemental briefing was filed by respondents regarding specific issues concerning the statute of limitations. (Docket No. 38).

The court now being fully informed, makes the following findings, conclusions, and recommendation.

Following a report and recommendation by the undersigned (Docket No. 39), Judge Miller (Docket No. 48) denied petitioner's Request to File an Amended 2254 Application (Docket No. 25) and granted respondents' Motion to Strike Applicant's Supplemental Pleading in Support of Application for Writ of Habeas Corpus (Docket No. 29). In that previous report and recommendation, this court reviewed the respondents' statute of limitations argument and made some determinations.[3] (Docket No. 39). In this report and recommendation, however, this court finds it is unnecessary to readdress that factually-complex issue because it agrees with respondents that regardless of whether the habeas petition is time-barred, petitioner's claims should be dismissed because his first claim, ineffective assistance of trial counsel, is procedurally

[3]Judge Miller noted those calculations regarding the tolling of the statute of limitations on petitioner's original claims, but since the tolling issue was unnecessary for purposes of resolving the motions then at issue, Judge Miller struck that potion of the recommendation concerning the calculations without prejudice. (Docket No. 48).

barred, and his other two claims, ineffective assistance of post-conviction trial and appellate counsel, are not cognizable under 28 U.S.C. § 2254.

**Procedural Default**

"Generally speaking, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Cummings v. Sirmons, 506 F.3d 1211, 1224 (10th Cir. 2007) (quotation omitted), pet. for cert. filed (May 2, 2008) (No. 07-10757). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision. . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998) (quotations omitted). This court finds that the petitioner's first claim (ineffective assistance of trial counsel) was defaulted in state court on an independent and adequate state procedural ground.

The Colorado Supreme Court has recognized that "[c]ase law and Crim. P. 35(c) make it clear that a court should not entertain repetitive motions for post-conviction relief. . . . [w]here a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied." Turman v. Buckallew, 784 P.2d 774, 780 (Colo. 1989) (quotation omitted).

Here, the petitioner's post-conviction motion containing the claim of ineffective assistance of trial counsel was denied by the state court as successive. In denying

petitioner's pro se 35(c) motion, the CCA stated in pertinent part:

. . .

After his direct appeal, defendant filed, through counsel, a Crim. P. 35(a) motion to "Correct Illegal Sentences" and a "Motion to Dismiss Counts Due to Inconsistent Verdict Interrogatories." The motions alleged that: (1) defendant's first degree sexual assault conviction was invalid because the jury had answered the special interrogatories on the verdict form inconsistently; (2) defendant's first degree sexual assault sentence should be modified to a presumptive range sentence because of errors in the verdict form and the instructions regarding crimes of violence; and (3) defendant was entitled to correction of all his sentences because the aggravating factors involved justified neither the imposition of maximum aggravated range sentences nor the imposition of a consecutive sentence on the menacing count. The trial court denied defendant's motions following a hearing. A division of this court affirmed. See People v. Robinson, (Colo. App. No. 98CA2174, Aug. 31, 2000) . . . (Robinson II).

Defendant filed another Crim. P. 35(a) motion through counsel, raising additional contentions of error relating to the crime of violence verdict form and jury instructions. The trial court also denied this motion following a hearing. A division of this court affirmed the order of denial on the ground that defendant's claims were successive to his previous motion and appeal. The division concluded that defendants were cognizable only under Crim. P. 35(c), not Crim. P. 35(a), and noted that they may have also been time barred. See People v. Robinson, (Colo. App. No. 01CA0449, Mar. 21, 2002) . . . (Robinson III). The supreme court denied certiorari review, and the mandate issued on August 30, 2002.

Six months later, in February 2003, defendant filed, pro se, a Crim. P. 35(a) and (c) motion. He alleged that the trial court had not fully complied with this court's remand order to sentence him within the presumptive range; that he received ineffective assistance of trial counsel, direct appeal counsel, first postconviction counsel, second appellate counsel, second and third postconviction counsel, and third appellate counsel. Alternatively, defendant requested that he "be resentenced, since the mandate of consecutive sentences found in the crime-of-violence statute is no longer applicable." The trial court summarily denied defendant's motion, finding that "these same issues were already litigated and rule on in" Robinson III.

**Defendant contends that the trial court erred in denying his Crim. P. 35(a) and (c) motion as successive. We agree in part and disagree in part, but find no grounds for reversal.**

  **Under the former Crim. P. 35(c), applicable when the trial court ruled on defendant's motion, the trial court "need not entertain a second motion or successive motions for similar relief based upon the same or similar allegations on behalf of the same prisoner." <u>See also</u> <u>People v. Rodriguez</u>, 914 P.2d 230, 249 (Colo. 1996) (Crim. P. 35(c) proceedings are "intended to prevent injustices after conviction and sentencing, not to provide perpetual review"); <u>People v. Turley</u>, 18 P.3d 802, 805 (Colo. App. 2000) (an "issue is essentially the same issue as one previously raised if review 'would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory,'" quoting <u>People v. Bastardo</u>, 646 P.2d 382, 383 (Colo. 1982)).**

  **Thus, a motion for postconviction relief must contain "all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied." <u>People v. Scheer</u>, 184 Colo. 15, 20, 518 P.2d 833, 835 (1974).**

  **Most of the issues raised in defendant's Crim. P. 35(a) and (c) motion are either identical or similar to the claims he made in previous motions. Accordingly, the trial court properly denied them as successive. <u>See</u> <u>People v. Abeyta</u>, 923 P.2d 318 (Colo. App. 1996) (court may summarily deny a successive Crim. P. 35(c) motion).**

  We agree with defendant, however, that his claims of ineffective assistance of third postconviction counsel and third appellate counsel are not successive. Nevertheless, because those claims of ineffective counsel are based on the same underlying legal arguments that have previously been rejected in the early proceedings, we also reject them here. Accordingly, we conclude that the trial court was not required either to hold a hearing or to consider defendant's claims on the merits . . . .

(Resps.' Ex. at 1-4) (emphasis added).

  Petitioner has not shown that this state ground for denying a 35(c) motion is not strictly or regularly followed and applied evenhandedly to all similar claims, nor has he shown the existence of any special circumstances that would have warranted consideration of his successive Rule 35 motion. This court finds that "the procedural

bar, as applied to [petitioner's] claims by the [CCA], was an 'adequate' state ground because the Colorado courts consistently decline to review claims which are contained in a second or successive post-conviction motion."  Lee v. Ortiz, 2007 WL 2261651, *7 (D. Colo. Aug. 6, 2007) (citing Turman v. Buckallew, 784 P.2d 774, 780 (Colo. 1989) (quoting Colo. R. Crim P. 35(c)), certificate of appealability denied, 2008 WL 794859 (10th Cir. Mar. 26, 2008).

For this court to review the merits of a claim that has been procedurally defaulted in state court, petitioner must show either (1) both cause for the default and prejudice therefrom or (2) a fundamental miscarriage of justice such as a colorable showing of factual innocence.  Coleman v. Thompson, 501 U.S. 722, 749 (1991).  "To demonstrate cause and actual prejudice, Petitioner must show that efforts to raise the claims at earlier stages were impeded by 'some objective factor,' such as a factual or legal basis for a claim that was not reasonably available during prior proceedings. . . .  This objective standard considers not what a particular attorney or *pro se* Petitioner actually knew, but whether the claim was 'reasonably available' upon diligent inquiry."  Navarro v. Leyba, 2007 WL 2908832, *7 (D. Colo. Oct. 4, 2007) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94, 496 (1991)).  Here, petitioner contends that ineffective assistance of his post-conviction attorneys constitutes cause. "This argument fails on the basis of well-established Supreme Court precedent: 'There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'"  Thomas v. Gibson, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. at 752, and citing 28 U.S.C. § 2254(i)).  See Spears v.

Mullin, 343 F.3d 1215, 1255 (10th Cir. 2003) ("[I]neffective representation in state post-conviction proceedings is inadequate to excuse a procedural default."); Kasper v. Estep, 2007 WL 1834174, *9 (D. Colo. June 25, 2007) ("Applicant cannot show cause based on an argument that postconviction appellate counsel either failed to present those claims or ignored his requests to present the claims.  There is no constitutional right to counsel in collateral proceedings. . . .  Therefore, a failure of post-conviction counsel resulting in procedural default 'cannot constitute cause to excuse default in federal habeas.'"), appeal dismissed, 256 Fed. Appx. 202 (10th Cir. Nov. 27, 2007), cert. denied, 128 S. Ct. 1753 (2008); Patterson v. Kansas, 2007 WL 1805549, *3 (D. Kan. June 21, 2007) ("Since there is no Sixth Amendment right to counsel in post-conviction proceedings, ineffective assistance of post-conviction counsel cannot be 'cause' sufficient to overcome a procedural default.").

Furthermore, "[t]o demonstrate a fundamental miscarriage of justice, Petitioner must demonstrate that a constitutional error has probably resulted in the conviction of one who is actually innocent." Kasper v. Estep, 2007 WL 1834174, *8 (D. Colo. June 25, 2007) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).  "To be credible, such a claim requires [petitioner] to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Id. (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).  See House v. Bell, 547 U.S. 518 (2006) (same).  No such showing has been made here.

Therefore, this court need not review the merits of the petitioner's claim that his trial counsel was ineffective.

**Ineffective Assistance of Post-conviction Counsel**

This court further finds that petitioner's second and third claims are precluded pursuant to 28 U.S.C. § 2254(i) which provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). See Espinoza v. Estep, 2007 WL 2746751 (D. Colo. Sept. 19, 2007) ("Because nothing in the U.S. Constitution entitles defendants to post-conviction assistance of counsel, the failure to provide such assistance (or, more accurately, to provide *effective* post-conviction assistance) is a matter presenting purely state law. To the extent that the Petitioner believes he was provided insufficient post-conviction representation, the Colorado state courts offer him the only remedy."), certificate of appealability denied, 2008 WL 1924966 (10th Cir. May 1, 2008).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed on May 31, 2005 (Docket No. 2), be denied and dismissed with prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,**

**Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of</u>**

**<u>Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411,**

**1412-13 (10th Cir. 1996).**


Dated:      May 30, 2008      <u>s/ Michael J. Watanabe</u>
               Denver, Colorado    Michael J. Watanabe
                                   United States Magistrate Judge