IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00976-WDM-MJW

FREDERICK ROBINSON,

    Applicant,

v.

JOSEPH ORTIZ and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on a recommendation of Magistrate Judge Michael J. Watanabe, issued May 30, 2008 (Docket No. 51), that Applicant Frederick Robinson's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") be denied. Applicant did not file an objection to the recommendation and, therefore, is not entitled to de novo review. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). As Applicant is proceeding *pro se*, I must construe his pleadings liberally and hold him to a "less stringent standard." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). Having reviewed the pertinent portions of the record in this case, I find that the recommendation should be accepted as modified for the following reasons.

PDF Final

Background

In November 1994 Applicant was convicted of first degree sexual assault, first degree burglary, and menacing. He was sentenced to terms of 32 years, 32 years, and 6 years, respectively, to be served consecutively. After his conviction, Plaintiff filed a direct appeal alleging racially motivated peremptory challenges, prosecutorial misconduct during closing argumnet, and correction of mittimus to reflect the correct class of felony for which Applicant was convicted. The Colorado Court of Appeals ("CCOA") affirmed the conviction but agreed with Applicant that the mittimus needed to be corrected. The Colorado Supreme Court denied certiorari.

In the first of three postconviction motions, Applicant apparently initially filed a *pro se* motion pursuant to Colorado Rule of Criminal Procedure 35(a). He was subsequently appointed counsel and counsel filed an amended 35(a) motion arguing that the sexual assault special interrogatories were improper, the sentences imposed were illegal, and that the sentences should run concurrently rather than consecutively. Postconviction counsel also filed a motion to dismiss arguing that the sexual assault charge should be dismissed due to inconsistent jury responses and improper special interrogatories. The trial court held a hearing on the motions but denied them both. The CCOA rejected all arguments brought on appeal and affirmed the trial court. Applicant did not seek certiorari.

On December 12, 2000 Applicant filed his second postconviction motion arguing that his convictions for sexual assault and crime of violence were rendered defective by incomplete jury instructions and the jury's inconsistent verdicts. The trial court conducted a hearing and denied relief. On appeal, Applicant argued that the jury verdict

was inconsistent and, therefore, there was no jury verdict upon which to support the conviction. The CCOA denied relief on the ground the Applicant's claim was successive and declined to address the merits of Applicant's motion.

Applicant filed his third postconviction motion on February 28, 2003 raising many of the same claims he already raised and alleging ineffective assistance of counsel at the trial, appellate, and postconviction levels. Apparently, this was the first time that Applicant raised the issue of ineffective assistance of counsel. On August 1, 2003, the trial court denied the motion without a hearing determining that it was successive. Applicant argued on appeal that the district court erred in determining that his claims were successive and denying him a hearing on his motion. On December 16, 2004, the CCOA affirmed the trial court determining that most claims were successive. With respect to the claim that the third postconviction counsel and the third appellate counsel were ineffective, the CCOA determined that they were not successive but denied the motion because the claims were based on the same underlying legal arguments that have previously been rejected. It rejected on the merits Applicant's claim regarding consecutive sentencing. Applicant sought, but was denied, certiorari.

In his Application, Applicant presents three arguments; (1) ineffective assistance of trial counsel for counsel's "unreasonable and prejudicial failure to investigate and prepare for trial, adequately cross-examine the prosecution's witnesses or retain a [sic] expert witness to corroborate the defense theory and impeach the prosecution's witnesses, and object to the trial court's imposition of a [sic] illegal sentence"; (2) ineffective assistance of postconviction counsel for counsel's "unreasonable and prejudicial failure to pursue his claims that trial counsel was ineffective, or his illegal

sentence claim as developed by his court-appointed appellate lawyer and suplemented [sic] by the petitioner"; and (3) ineffective assistance of postconviction appellate counsel for counsel's "unreasonable and prejudicial failure to pursue his claims that trial, postconviction, and post-conviction appellate counsel was [sic] ineffective, or his illegal sentence claim as developed by court-appointed appellate counsel and supplemented by the petitioner." (Application at 5–6.)

Respondents timely filed an Answer to Order to Show Cause (Docket No. 9) and asserted the following defenses: (1) the Application is barred under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")[1]; (2) Applicant's first claim is procedurally defaulted; and (3) Applicant's second and third claims are not cognizable under the federal habeas statute. Applicant filed a Traverse (Docket No. 15) on September 13, 2005. Magistrate Judge Watanabe entered his recommendation that the Application be denied on May 30, 2008 (Docket No. 51).[2] Although Applicant has since filed an objection to another ruling in the case,[3] Applicant did not file an objection to this

---

[1] As Applicant filed his Application after April 24, 1996, the effective date of the AEDPA, that statute governs my review. *Cannon v. Mullin*, 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)).

[2] I previously accepted another recommendation from Magistrate Judge Watanabe that Applicant's motion to amend his Application be denied. (*See* Docket No. 46.)

[3] On February 4, 2008 Applicant filed a Motion for Request for Status Report (Docket No. 48) requesting the Court to issue a status report apprising Applicant of the status of his Application and all other pending motions and orders before the Court that he "may not be aware of or in need of responding to." (Docket No. 48 ¶ 7.) Magistrate Judge Watanabe denied the motion (Docket No. 52) on May 30, 2008—the same day that the recommendation at issue here was issued—based on the recommendation that the Application be denied. Applicant objected to the denial of the motion for status report (Docket No. 53) but did not object to the recommendation that his Application be denied.

recommendation.

## Discussion

Magistrate Judge Watanabe first recommends that Applicant's claim regarding ineffective assistance of trial counsel be denied because it was procedurally defaulted in state court.[4] As a prerequisite to federal habeas review, a petitioner must exhaust the remedies available to him in state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). If a petitioner has not exhausted his state remedies, his petition is generally denied without prejudice so that he may present his claims to the state court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). However, if "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred" then the petitioner is considered to have procedurally defaulted his claims and federal habeas review is precluded. *Id.* at 735 n.1. Indeed, a federal district court "does not address issues that have been defaulted in state court on an independent and adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *Id.* (citation omitted).

---

[4] Although Respondents argue that the Application is time-barred because it was filed more than one year after the judgment became final including applicable tolling periods, *see* 28 U.S.C. § 2244(d), Magistrate Judge Watanabe declined to address this complicated issue because he determined that the Application should be denied on other grounds.

Adequacy generally means that the state ground is "strictly or regularly followed and applied evenhandedly to all similar claims." *Hickman v. Spears*, 160 F.3d 1269, (10th Cir. 1998) (citation and quotation omitted). "[T]he state bears the burden of proving the adequacy of a state procedural bar in order to preclude federal habeas review." *Hooks v. Ward*, 184 F.3d 1206, 1217 (10th Cir. 1999).

In this case, the CCOA dismissed, as successive, Applicant's postconviction motion based on ineffective assistance of counsel. Respondents argued and Magistrate Judge Watanabe determined that this is an independent and adequate state ground and, therefore, Applicant's claim is procedurally barred. I agree.

At the time that the Colorado trial court ruled on Applicant's third postconviction motion, the rule regarding postconviction relief, Colo. R. Crim. P. 35(c), provided that a court "need not entertain a second motion or successive motions for similar relief based upon the same or similar allegations on behalf of the same prisoner." Furthermore, the Colorado Supreme Court has determined that "[w]here a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied." *People v. Scheer*, 518 P.2d 833, 835 (Colo. 1974). Colorado's practice of denying successive or repetitive postconviction motions is based on state law and, therefore, is independent. Furthermore, with respect to adequacy, Respondents have demonstrated[5] that Colorado applies this rule evenhandedly to similar claims. *Turman*

---

[5] I do note that, although it is unclear, Magistrate Judge Watanabe's recommendation appears to place the burden on Applicant to demonstrate that the rule is "not strictly or regularly followed and applied evenhandedly to all similar claims."

*v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989); *Graham v. Zavaras*, 877 P.2d 363, 363 (Colo. 1994); *Scheer*, 518 P.2d at 835; *People v. Hubbard*, 519 P.2d 945, 948 (Colo. 1974); *People v. Abeyta*, 923 P.2d 318, 320 (Colo. Ct. App. 1996). Therefore, Applicant has procedurally defaulted his claim of ineffective assistance of trial counsel unless he can demonstrate cause and prejudice or a fundamental miscarriage of justice. *English*, 146 F.3d at 1259.

Plaintiff argued in the traverse that the reason he did not raise the claim of ineffective assistance of trial counsel until his third postconviction motion was his ineffective postconviction counsel. I agree with Magistrate Judge Watanabe that this does not constitute cause such that Applicant's claim is deemed not procedurally barred. *See Coleman*, 501 U.S. at 752–54. The Supreme Court has held that "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 688 (1984), there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). As "[t]here is no constitutional right to an attorney in state post-conviction proceedings", there cannot be a deprivation of effective assistance during such proceedings. *Coleman*, 501 U.S. at 752 (citations omitted); *see Thomas*, 218 F.3d at 1222 (citing *id.*). Therefore, Applicant's argument concerning ineffective assistance of postconviction counsel does not provide relief from procedural default.

---

(Rec. at 7.) As it is the Respondent's burden to demonstrate independence and adequacy, *see Hooks*, 184 F.3d at 1217, the recommendation should be modified to reflect that I determined that Respondents have met their burden with respect to demonstrating adequacy.

Furthermore, Applicant has not shown that a fundamental miscarriage of justice as he has not come forward with any reliable evidence that was not presented at the trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (requiring petitioner to provide "new reliable evidence—whether it be exculpatory scientific evidence trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" to show fundamental miscarriage of justice); *Bohon v. Oklahoma*, 2008 WL 904727, at *2 (10th Cir. Apr. 3, 2008) (citing *id.*). Therefore, Applicant's claim of ineffective assistance of trial counsel is procedurally barred from habeas review.

Additionally, Magistrate Judge Watanabe recommends that Applicant's claims regarding his postconviction counsel and postconviction appellate counsel be denied because the habeas statute does not recognize claims based on postconviction representation. Indeed, that habeas statute provides "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Furthermore, habeas review is only available for violations of federal law or the United States Constitution. *Id.* § 2254(a)–(d). As there is no federal constitutional right to post-conviction counsel, habeas review cannot be based on such a claim. *See Coleman*, 501 U.S. at 752 (holding that because there is no constitutional right to an attorney in state postconviction proceedings, a habeas applicant "cannot claim constitutionally ineffective assistance of counsel in such proceedings").

Accordingly, it is ordered:

1. Magistrate Judge Watanabe's recommendation (Docket No. 51) is accepted as modified.

2. Applicant Frederick Robinson's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 2) is denied.

3. This case is dismissed with prejudice.

DATED at Denver, Colorado, on July 14, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge