FILED
United States Court of Appeals
Tenth Circuit

January 3, 2012

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re:

FREDERICK ROBINSON,

     Movant.

No. 11-1568
(D.C. No. 1:05-CV-00976-WDM-MJW)
(D. Colo.)

## ORDER

Before **KELLY**, **LUCERO**, and **MATHESON**, Circuit Judges.


Frederick Robinson seeks authorization to file a second or successive 28 U.S.C. § 2254 habeas petition. Because he fails to meet the requirements for authorization, we deny the motion.

In 1994, Mr. Robinson was convicted in state court of sexual assault, burglary and menacing. His conviction was affirmed on direct appeal. He filed his first § 2254 habeas petition in 2005. The district court denied relief, and Mr. Robinson's appeal to this court was dismissed for failure to prosecute.

In April 2011, Mr. Robinson filed a second § 2254 habeas petition. The district court dismissed it for lack of jurisdiction because it was an unauthorized second or successive petition. Mr. Robinson now seeks authorization from this

court, arguing that he has newly discovered evidence to support his claim for relief.

Mr. Robinson's request for authorization may be granted if his new claim relies on a "factual predicate . . . [that] could not have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2)(B)(i); and "the facts underlying the claim, if proven . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense[s]," *id*. § 2244(b)(2)(B)(ii). Mr. Robinson seeks to raise a due process claim relating to the state court's dismissal of his Colo. R. Crim. P. 35(b) motion.

Mr. Robinson asserts that his "newly discovered evidence is that the Arapahoe County District Court refused to honor a stay it had previously granted on his 35(b) motion." Mot. for Auth. at 9. This alleged evidence, however, involves a procedural issue. It does not meet the standard for authorization because it does not involve facts that "if proven . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense[s]." 28 U.S.C. § 2244(b)(2)(B)(ii).

Because Mr. Robinson has failed to meet the requisite conditions for authorization set forth in § 2244(b)(2), we DENY his motion. This denial of

authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk